IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LARRY BAUMAN   PLAINTIFF

VS.   CIVIL NO. 04-2215

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION   DEFENDANT

## MEMORANDUM OPINION

Larry Bauman (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on April 9, 2002,[1] alleging an onset date of May 1, 2000, due to lower back and groin pain, pain down his legs, and headaches. (Tr. 15, 283). An administrative hearing was held on January 30, 2003. (Tr. 14, 31-42). Plaintiff was present and represented by counsel.

At the time of the administrative hearing on January 30, 2003, plaintiff was fifty-four years old and possessed a high school education. (Tr. 15, 259, 289). The record reveals that he had past

---

[1]Plaintiff had filed prior applications for DIB and SSI in 2000. (Tr. 86-88). However, after the Appeals Council denied review, plaintiff failed to appeal that decision. (Tr. 26-27). There is no evidence that plaintiff requested that the ALJ reopen this previous application at the time of the administrative hearing in this matter, and the record does not indicate that said application was reopened.

relevant work ("PRW"), as a sales representative, porter at an automobile dealership, store manager, retail sales person, and delivery driver. (Tr. 15, 118-125,296).

On June 25, 2003, the Administrative Law Judge ("ALJ"), found that plaintiff had severe impairments, but that those impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 20). After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the residual functional capacity ("RFC"), to perform a wide range of sedentary work. (Tr. 20). With the assistance of a vocational expert ("VE"), he determined that plaintiff could still perform his past work as a salesperson. (Tr. 58, 59). It was also his testimony that plaintiff could return to his job as a porter, if he only occasionally performed activities involving lifting and unloading. (Tr. 58, 59).

On August 5, 2004, the Appeals Council declined to review this decision. (Tr. 5-10). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 10, 11).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

AO72A
(Rev. 8/82)

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevent him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

3

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

In the present case, plaintiff presented additional medical evidence to the Appeals Council, which was considered prior to their denial of review. (Tr. 5-10). When the Appeals Council has considered new and material evidence and has, nonetheless, declined review, the ALJ's decision becomes the final action of the Commissioner. At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater*, 107 F.3d 617, 622 (8th Cir. 1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.*; *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995).

Here, plaintiff presented numerous additional medical records to the Appeals Council, documenting his continued treatment for back and neck problems, as well as the deterioration of his

condition. (Tr. 473-528). The newly presented evidence, in pertinent part, consisted of the following. On January 8, 2003, Dr. Glenn Marshall's neurology notes indicate that plaintiff was walking with a cane to alleviate some of the pressure on his right side, thereby decreasing the amount of pain he was experiencing. (Tr. 517). A neurological examination revealed a mild weakness in the L5-S1 enervative muscles in his right lower extremity, as well as a right-side limp. Dr. Marshall was of the opinion that plaintiff's symptoms were consistent with an L5-S1 radiculopathy on the right side. For this, he ordered a repeat MRI of plaintiff's lumbar spine. In the interim, Dr. Marshall started plaintiff on Effexor XR. (Tr. 518). The MRI revealed a central and lateral bulge of the L5-S1 disc, with some mild to moderate nerve root foramen narrowing. (Tr. 516, 519-520). There was also some moderate lumbar canal narrowing related to spondylosis at that level, with disc dessication at all lumbar levels and facet hypertrophy. Because of these anatomical changes, which appeared to have deteriorated since 2000, Dr. Marshall also performed nerve conduction studies on plaintiff's right lower extremity, which indicated that the S1 nerve root could very well have been irritated on the right side. He noted that this would account for plaintiff's symptoms. Therefore, Dr. Marshall elected to refer plaintiff to Dr. Mann for pain management. He also noted that, due to the deterioration in plaintiff's condition, plaintiff might well require a discectomy in the future. (Tr. 516).

On January 26, 2003, plaintiff followed-up with Dr. Marshall. (Tr. 490-491). Dr. Marshall voiced his belief that plaintiff's injury history could well be the cause of the impingement upon his S1 nerve root. (Tr. 491). Further, he noted that it was not uncommon to see these type of injuries

5

or bruising of the nerve root on the right side, resulting in radiculitis type symptoms. (Tr. 491).

On May 7, 2003, Dr. Short evaluated plaintiff's impairment, and rated him with a five percent partial/permanent impairment to his whole body, based on the AMA Guide to Evaluation of Permanent Impairment. (Tr. 486). Further, he noted that plaintiff had reached his maximum medical improvement. (Tr. 486).

On February 12, 2004, plaintiff was reportedly taking Effexor XR and Topamax. (Tr. 514). He was noted to be neurologically stable, but continued to have quite a bit of back pain. Plaintiff also reported some mild dermatomal numbness on the right side, mostly in the L3-4 and L4-5 distribution on the right side, that was probably related to his disc disease and mild root irritation. (Tr. 515).

On March 8, 2004, plaintiff continued to have pain. (Tr. 513). At this time, Dr. Marshall elected to prescribe him a trial of Lamictal. (Tr. 513). Lamictal is an anti-seizure medicine that helps regulate the electrical activity in the brain. *See Patient Information Leaflet*, *at* www.lamictal.com.

On April 6, 2004, plaintiff was again treated by Dr. Marshall. (Tr. 510). Since his last visit, he reported continued back pain, despite the fact that he had been prescribed Lamictal. Dr. Marshall noted that he had also been previously prescribed trials of both Topamax and Effexor XR, both of which had offered him some benefit, but did not resolve his pain issues. Dr. Marshall noted that previous nerve conduction studies had shown some denervation of the S1 enervative muscles in the legs, primarily the gastrocnemius muscle and soleus muscle, suggesting the development of S1

6

radiculitis related to his injury. Further, an MRI had revealed a broad-based bulging disc at the L4-5 and L5-S1 levels with some mild to moderate nerve root foramen narrowing, bilaterally. Thus, Dr. Marshall referred plaintiff for a consultation with a neurosurgeon to investigate the possibility of surgical intervention. In the meantime, he directed plaintiff to continue taking the Lamictal, but increased the dosage. (Tr. 511).

We believe that this information would have impacted the ALJ's decision in this matter. Accordingly, we believe that remand is necessary to allow the ALJ to review this evidence in conjunction with the other evidence of record, before rendering a final decision.

The ALJ's RFC assessment is also of some concern to the undersigned. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how

AO72A
(Rev. 8/82)

those limitations affect her RFC." *Id*.

It is significant to note that the RFC assessment completed by the non-examining, consultative physician revealed that plaintiff was limited to only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (Tr. 425). This was substantiated by a general physical examination, which showed muscle weakness in plaintiff's right leg, as well as an inability to walk on his heel-toes, squat and arise from a sitting position, or touch heel to shin with his right leg. (Tr. 418-420). Given the fact that plaintiff has undergone repeated objective tests that have revealed bulging discs at the L5-S1 level with superimposed small disc protrusion; mild to moderate nerve root foramen narrowing; mild weakness in the L5-S1 enervative muscles in the right lower extremity; mild dermatomal numbness on the right side, mostly in the L3-4 and L4-5 distribution on the right side; and, some denervation of the S1 enervative muscles in the legs, primarily in the gastrocnemius muscle and soleus muscle, suggesting the development of S1 radiculitis, we believe that these findings should have been properly evaluated. (Tr. 510, 514, 517, 519-520). However, in his RFC assessment, the ALJ made no reference to any such limitations. In fact, he failed to even provide an explanation for dismissing these medical findings. As neither of these physician's were plaintiff's treating physician, and both were able to ascertain these limitations by either reviewing his medical records or examining him on only one occasion, it is evident that plaintiff's limitations must have been fairly significant. Therefore, we believe that remand is necessary to allow the ALJ to reevaluate the objective evidence concerning plaintiff's limitations.

Additionally, after reviewing the entire record, it appears that none of plaintiff's treating

8

physicians have completed an RFC assessment for the time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984.) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of a wide range of sedentary work, relied on an RFC assessment completed by a non-examining medical consultant. (Tr. 423-432). We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Therefore, based on the current evidence of record, we do not find substantial evidence supporting the ALJ's RFC determination.

Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be

9

remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 25th day of October 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)