IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LARRY BAUMAN                                                                                                          0LAINTIFF

v.                              Civil No. 04-2215

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                                       DEFENDANT

## AMENDED MEMORANDUM OPINION

Plaintiff, Larry Bauman, appealed to this Court from the denial of disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). On October 25, 2005, the undersigned remanded this matter to the Commissioner for further consideration (Doc. #12 & 13). This Memorandum Opinion is amended to include the award of expenses in the amount of $66.18.

Plaintiff's attorney, Iva Nell Gibbons, filed a Motion For Attorney's Fees Pursuant to *Equal Access to Justice Act* (hereinafter the "*EAJA"*), on January 20, 2006 (Doc. #14 & 15). The Commissioner responded on February 3, 2006 (Doc. #16). This matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986).*

Plaintiff is the prevailing party in this matter. The Commissioner does not oppose the award of a reasonable attorney's fee under the *EAJA,* and does not object to the hourly rate

requested. However, she does object to the number of hours for which counsel seeks compensation (Doc. #16, pp. 1-2). The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved.

-2-

*Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2412(d)(2)(A)*. Plaintiff's attorney requests an award under the *EAJA*, at the rate of: $153.26 per hour for the 22.10 hours she claims were performed representing the plaintiff in 2004; $157.40 per hour for the 7.5 hours purportedly devoted in 2005 to the representation of plaintiff in this Court; and $157.40 for 1.4 hours counsel asserts were spent representing the plaintiff before this Court in 2006. Counsel also seeks reimbursement of costs in the amount of $66.18.

As has been noted, the Commissioner has raised no objection to the hourly rate sought by counsel. We note, however, that an award based upon an hourly rate of $146.00 per hour for the time period beginning September 19, 2004 and ending April 5, 2005, and $148.00 per hour for the time period beginning October 25, 2005 and ending January 10, 2006, reflecting an increase in the cost of living, will result in consistent hourly fee awards in cases in Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990)*. Counsel's request for reimbursement of costs is reasonable and should be granted.

Further, we have reviewed counsel's itemization of time appended to her motion (Doc. #14, Exhibit C). We note that the defendant has objected to 1.7 hours spent on August 9, 2004, to "on administrative matters prior to the filing of suit in this court." (Doc. #16, p. 2). The Commissioner notes that plaintiff's Complaint was not filed until September 27, 2004 (Doc. #1). Thus, these 1.7 hours are not compensable under the *EAJA*. *Cornella Schweiker, 728 F.2d 978, 988-989 (8th Cir.1984)*. Therefore, 1.7 hours must be deducted from the amount of compensable time sought, and we find that plaintiff's counsel is entitled

to compensation under the *EAJA* for 29.3 hours.

Accordingly, we find that counsel is entitled to compensation for 27.4 hours at the rate of $146.00 per hour, 1.9 hours at the rate of $148.00 per hour and reimbursement for costs in the amount of $66.18, for a total attorney's fee award of $4,347.78 under the *EAJA*.

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 17th day of April, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)